JUN. 16. 2004  3:49PM   SWALES AEROSPACE                                NO. 0824   P. 10/18

SSN: 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                    © page 1 of 2

**SWALES**
AEROSPACE



April 5, 2004

Dr. Vasyl Harik
3700 Preamble Lane
Grafton, VA 23692

Re:   Termination of Employment

Dear Dr. Harik:

    On or about February 11, 2004, Pamela Butziger, Manager of Human Resources, contacted you regarding the excessive amount of sick leave you were charging. During the first 6 weeks of 2004 you charged approximately 35 hours of sick leave per week. You did not provide a doctor's note to adequately support your absences from work. In fact, you told Ms. Butziger that you were deciding on a daily basis if you felt well enough to come to work and that your doctor didn't want to see you unless there was a change in your condition. During these six weeks you provided a vague doctor's note that was evidence only that there had been periodic doctor visits, but did not indicate any specific restriction on your ability to work full-time at your designated place of work. You declined to submit a disability claim. In light of the misuse of the sick leave benefit you were instructed by Ms. Butziger that sick leave could only be granted if you had a doctor's note excusing you from work on a specific day.

    During the conversation regarding the excessive sick leave, you shared with Ms. Butziger that you were experiencing a significant amount of stress at work. Specifically a government employee was withholding access to software and had made damaging comments about your technical work.

    Your office was moved in an effort to remove you from a work environment that you claimed made you uncomfortable. You began working more hours, but used your vacation leave to maintain a 40 hour work week. I cautioned you on this practice for fear that you would run out of vacation and be unable to maintain the 40 hour work week required for full-time employment. Shortly after the office move you requested to work from home, a practice the Company does not allow. You felt your new office was contributing to your hostile work environment. You further advised that your mail was delivered in an unfriendly manner, that another Swales employee snubbed you, and that my conversation with you regarding my plan to review your accusations was belittling.

    I have met with your Swales Managers, our task order lead, and the Langley task monitor/Branch Head regarding the software issue, negative comments, and the hostile work environment and have been unable to find support for your accusations.

Exhibit 6
Page 70 of 75

1224T11 N. Wright Street, M.S. 186A   Hampton, VA 23681-0001   Phone (757) 864-9657   Fax (757) 864-8668   www.swales.com

Swales & Associates, Inc.

JUN. 16. 2004  3:49PM   SWALES AEROSPACE        NO. 0824   P. 11/18

*page 2 of 2*



During the past month you have not responded in a clear manner to repeated requests from your management regarding software requirements for your task work or meeting requests to discuss the progress on your technical work. Specifically, I have requested your presence in my office on two occasions and each time you have not attended nor contacted me to advise that you would be unable to attend. Recently you abruptly "resigned" from a task and implied that my meeting requests were a hostile inconvenience.

Some of the above matters standing alone could be grounds for dismissal or discipline. The combination of them constitutes gross misconduct and grounds for immediate dismissal. Accordingly, your employment terminates today in accordance with Policy 8.2 of the Policies and Benefits Manual. A member of the Human Resources department will contact you by mail regarding continuation of benefits.

Sincerely,

Andrew J. Srokowski, Ph.D.
SAMS Program Manager

Exhibit 6
Page 11 of 18

122471I N. Wright Street, M.S. 166A    Hampton, VA 23681-0001    Phone (757) 864-9857    Fax (757) 864-9668    www.swales.com

Swales & Associates, Inc.