**VIRGINIA EMPLOYMENT COMMISSION**
P.O. BOX 1358
RICHMOND, VIRGINIA 23218-1358
<u>NOTICE OF INTRASTATE APPEAL</u>

5/13/04

1. NAME: Vasyl M. Havrik (First) (Middle Initial) (Last)
2. ADDRESS: 300-C Richardson Run, Williamsburg VA 23188
   TELEPHONE: 757-253-2547
3. Address Change, if applicable: _____
4. Last 30-day Employing Unit: Swales & Association Inc, 15050 Powder Mill Rd, Beltsville MD 20705-1913
5. Subsequent Employing Unit:
   mail opened ✗ date 5/14/04
   researched ___ date ___
   filed ___ date ___
6. Appeal filed by: ✓ Claimant
   ___ Last 30-day Employing Unit
   ___ Subsequent Employing Unit
7. I appeal from the determination or decision because: See attached documents

Appellant's Signature: V. Havrik

8. S.S. No. 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
9. ✗ UI  ☐ UCFE  ☐ UCX  ___ OTHER
10. APPEAL FROM:
    ✓ Deputy's Determination  LTRN: 01
    ___ Appeals Examiner's Decision
    Date if delivered in person ___
    Date Mailed 05-07-04
    In the matter of:
    Last 30-day employing unit ___
    Subsequent employing unit ___
11. APPEAL FILED:
    (a) In person on 05-12-04
    (b) By mail / fax (circle one)
        (1) Postmark date ___
        (2) Receipt date ___
    Date this form mailed ___
12. SIGNATURE OF REPRESENTATIVE PREPARING FORM
    Paula A. Shaw
    FIELD OFFICE / Williamsburg  NO. 0411
    ADMINISTRATIVE OFFICE ___

Exhibit 4
Page 1 of 4

**IMPORTANT INFORMATION FOR EACH PARTY**
(Claimant and the Employer)

The claimant should continue to file claims in accordance with instructions given him as long as he is unemployed and feels he is entitled to benefits.

In the event you change your address while the appeal is pending, or if the appealing party should desire to withdraw his appeal, the Clerk of the Commission should be notified immediately at the address shown above.

If you feel it is necessary to engage an attorney, you must pay for his services. Free legal services may be available through the Legal Aid Society in your community, or the Lawyer Referral Section of the local Bar Association. If you engage an attorney, the name, address and telephone number of the attorney must be furnished to the Clerk of the Commission at the Virginia Employment Commission, P.O. Box 1358, Richmond, Virginia 23218-1358.

Further instructions and information pertaining to the appeal hearing will be forwarded on the Notice of Hearing when it is mailed to you.

**LOWER AUTHORITY APPEALS**
(Appeals from a Deputy's Determination)

The Appeals Examiner conducting the hearing on the appeal has the responsibility of obtaining facts and rendering a decision. If you find it necessary to have witness testify in your behalf concerning the causes of your separation from your employment, you must contact him and arrange for his appearance at the hearing. If a witness should refuse your request to appear and a subpoena is needed, you should notify the Clerk of the Commission at the address shown above by letter, giving the name and address of the person to be subpoenaed, within four (4) days after the appeal is filed.

After the Notice of Hearing is mailed, the hearing will not be postponed except for good cause. If a postponement must be requested, the Clerk of the Commission must be notified immediately by telephone to decide if a postponement will be granted. The Notice of Hearing, setting forth the time, date and issues, will be mailed to all parties seven (7) days in advance of the date of hearing.

**COMMISSION APPEALS**
(Appeals from a Decision of the Appeals Examiner)

All appeals to the Commission shall be decided on the basis of a review of the evidence in the record developed by the Appeals Examiner. If either party wishes a hearing to present additional testimony, evidence or oral argument, a written request setting forth the grounds must be submitted to the Clerk of the Commission within fourteen (14) days from the mailing of this notice.

The Commission's Special Examiners will follow the guidelines listed below when determining whether to direct the taking of additional evidence by the Commission. The Commission may, on its own motion or upon petition by either party, direct the taking of additional evidence in:

1. It is affirmatively shown that the additional evidence (A) is material and not merely cumulative, corroborative or collateral and (B) could not have been presented at the prior hearing through the exercise of due diligence and (C) the evidence is likely to produce a different result at a new hearing;
2. The record of proceedings before the appeals tribunal is insufficient to enable the Commission to make proper, accurate or complete findings of fact and conclusions of law.

WHITE - APPEALS SECTION
BLUE - CLAIMANT
GREEN - 30-DAY EMPLOYING UNIT
CANARY - SUBSEQUENT EMPLOYING UNIT
PINK - ATTORNEY OR REPRESENTATIVE
GOLDENROD - LOCAL OFFICE

[Stamp: 2004 MAY V.E.C. Appeals Section]

300-C Richardson Run
Williamsburg, VA 23188

May 12, 2004

Appeals Examiner
Virginia Employment Commission
P.O. Box 1358
Richmond, VA 23218-1358



RE: Notice of Intrastate Appeal

Dear Sir or Madam:

I have to appeal the decision of the deputy concerning my uneploynment benefits because the decision was based on a distorted evidence offered by my former employer, Swales and Associates Inc. of Beltsville (MD), that grossly misrepresentated the facts and the situation surrounding my discharge.

First, the two meetings reffered to in the deputy's decision had no connection whatsoever to my ongoing work during the March-April time frame (i.e, the USRA subcontract to Swales). I was working full time on that project without any problems. Swales and Associates had violated the USRA subcontract by discharding me without the required 30 days notice. This information can be verified by contacting Ms. Sophia Hill of USRA Association at (410) 730-2656.

Second, I never refused to attend any meetings, especially, those with my project managers. The "project manager" mentioned is actually a contract manager with whom I met a week earlier to discuss my earlier complaints to my project managers about a senior co-worker and the computer problems including months-long withholding of an important commertial software from me and an EEO complaint.

*The first "missed" meeting was badly mis-scheduled for Monday 9 a.m., while the e-mail was in my "consulting" mailbox Friday evening (see the print-out).* A secretary did not call me home. Nobody left any messages on my company phone. I was working off-site and did not read my personal e-mail until Wednesday, when the meeting and the report were re-scheduled for the next Monday, March 29.

On March 29, prior to the requested time, I had submitted the requested written report to both my project managers and the contract manager higher-up by e-mail, along with a request for any questions. I also left a message on the secretary's phone concerning the meeting and my e-mail. *So both the contract manager and his secretary were advised about my attendance of the meeting.*

Later, as a government contractor, I had requested to clarify and receive the project-charge-number for the time to be spent for these new meetings. This is a standard requirement for all government contractors. I never received the required charge number. I had requested a better preparation of such meetings. Again, this meeting was not in any connection to the USRA subcontract, on which I had to work off-site without using any of the Hampton-based facilities of Swales and Associates.

Finally, I was working just fine on the USRA subcontract during the March-April time frame, dispite the disruptions caused by the mis-scheduled meetings of a disconnected high manager. The problems with the scheduling and preparation of the meetings were not caused by me.

Prior to my complaint, my professional performance has been cited as excellent by my Swales project managers. In support of this, USRA has discontinued its subcontract to Swales, and it has re-issued a consulting subcontract directly to me (see a copy enclosed).

Sincerely, *VMHarik*

Dr. Vasyl Michael Harik

Exhibit 4
Page 2 of 4

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

*The first "missed" meeting*

E-mail for v.m.harik@nanodesigns.net                                    Page 1 of 1

Personal (not company-sponsored) e-mail, which was used for University Consulting Project – USRA subcontract to Swales

Network Solutions

- Check Mail
- View Inbox
- Compose
- Address Book
- Folders
- Trash  Empty
- Preferences
- Options
- Search
- External Mail
- Help
- Logout

Legend: unread, read, answered, attachment, Highest, high, Low, Lowest

WebMail  Calendar

1 message in SwalesAssociates for v.m.harik@nanodesigns.net

Select | Deselect All    Mark As  Read ▼    Move to  Copy to  SwalesAssociates ▼   Delete    Go

Msg    From                               Subject                        Date
1      Andrew Srokowski                   RE: Meeting/task problems      Mar 19 18:37

↑ SAMS Contract Manager (Swales & Associates)

Friday evening ↓

In regard to a meeting attended a week before concerning an in-active task and problems being investigated by EEO Program at NASA Langley

In response to my e-mail notifying him that I'm not stopping the complaint process with the EEO Program, Mr. Srokowski angrily requested a "progress report" on an inactive task by Monday 9 a.m. This mis-scheduling gave me no time to write a report and to attend the meeting as I had read my personal e-mail only on Wednesday (not expecting any unusual e-mails).

[Stamp: 2004 MAY V.E.C. Appeals Section]

Exhibit 4
Page 3 of 4

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   4



AGREEMENT FOR TEMPORARY APPOINTMENT WITH TRAVEL – GRANT/COOP.

USRA PROGRAM/ __URETI__    GRANT/COOP. Agrmt# __04106-03__
INSTITUTE:

It is hereby agreed that __Vasyl Michael Harik__    Social Security # __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__

Address:   300C Richardson Run
           Williamsburg, VA 23188

Phone:   __757-253-2547__   Fax: _____

E-mail:  __v.m.harik@nanodesigns.net__

will serve as consultant to the Universities Space Research Association (USRA) to:

Continue the second phase of the USRA/URETI research subcontract to complete the modeling of nanostructured multifunctional materials with particular emphasis on polymers with carbon nanotubes and microscopic inclusions (e.g. PZT particles). This work will be conducted in parallel with the ongoing experimental work of the USRA/URETI team. Two primary problems concerning the electric conductivity of composite material systems and the interface effects will be examined in details. The preliminary model will be completed by June. The role of particle geometric parameters will be analyzed. Written report on the research performed will be prepared along with appropriate presentation slides.

*Any subsequent tasks must be specifically authorized by the Program Director. Appointment is subject to the following terms, conditions, and certifications:*

A.  Term of Appointment:

    Begin: **10 May 2004**                Terminate: **18 August 2003**

B.  Compensation: The effort described will be accomplished

    [ X ] for the fixed fee of $ __XXXXXXX__
    [   ] on the basis of a daily consulting fee of $_____ not to exceed _____ days total.
    [ X ] with the understanding that travel and other related expenses will be reimbursed with prior Principal
          Investigator's consent for:
          [ X ] Airfare or Mileage
          [ X ] Lodging.  [ X ] Meals & Incidental Expenses
          [ X ] Rental Car (please specify)  [ X ] Compact   [  ] Other (*written justification attached*)
          [ X ] Miscellaneous Materials and Supplies as needed

C.  Payment of fee (Honorarium) and/or reimbursement of expenses require proper execution of the enclosed:
    (1) Honorarium/Consultant Invoice Voucher (USRA Form 14.3)

    (2) Travel Voucher(s) (USRA Form 14.4a) with original receipts for lodging, airfare, rental car and registration fees. Original receipts for incidental expenses, i.e. cab and/or parking, local transportation and tolls are required when in excess of $75.00. *A trip report summarizing accomplishments/activities must accompany the travel voucher.*

♦  The appointee is not an employee of USRA and is not entitled to the benefits provided by USRA to its employees, including, but not limited to group insurance and pension plan.

♦  USRA will not deduct income tax, but must report all taxable payments to the IRS.

Exhibit __4__
Page __4__ of __4__