# NASA

# OFFICE OF EQUAL OPPORTUNITY PROGRAMS

# DISCRIMINATION COMPLAINTS DIVISION

## IMPLEMENTING INSTRUCTIONS

Equal Employment Opportunity Commission (EEOC) Enforcement Guidance Notice No. 915.002:

Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms

August 1999

TABLE OF CONTENTS

Introduction .................................................................................. 3

Background ................................................................................. 4

Center Posting Requirement....................................................... 5

Complaint Processing Procedure................................................ 5

Individual Complaints: Pre-complaint Counseling Stage................. 5

Individual Complaints: Formal Complaint Stage........................... 9

Class Complaints: Pre-complaint Counseling Stage...................... 10

Class Complaints: Formal Complaint Stage.................................. 11

Attachments:

Pre-Complaint Process for Contingent Workers Flow Chart (Individual complaints of discrimination)

Shelton v. Shalala, Secretary, Department of Health and Human Services, EEOC No. 01970337 (August 31, 1998)

# OFFICE OF EQUAL OPPORTUNITY PROGRAMS
# IMPLEMENTING INSTRUCTIONS

## INTRODUCTION

On December 3, 1997, the Equal Employment Opportunity Commission (EEOC) issued its enforcement guidance on the application of EEO laws to contingent workers placed by temporary employment agencies and other staffing firms. This Office of Equal Opportunity Programs (OEOP) issuance provides Implementing Instructions on the enforcement guidance.

The purpose of these Implementing Instructions is to provide guidelines which will assist Center Equal Opportunity (EO) Officers in effectuating EEOC's Guidance regarding contingent workers. These instructions are designed to allow the Centers to make the preliminary determination on the question of whether the contingent worker qualifies as a Federal employee for purposes of the Federal employment discrimination statutes. The definition of "employee" in 5 U.S.C. §2105 is not applicable to the discrimination statutes.

A determination of whether the contingent worker qualifies as a Federal employee will control whether the contingent worker is afforded rights within the Federal sector EEO process. Illustrative of this point is the EEOC's analysis and decision in <u>Shelton v. Shalala, Secretary, Department of Health and Human Services</u>, EEOC 01970337 (August 31, 1998) (attached) which was rendered subsequent to its Enforcement Guidance on Contingent Workers dated December 3, 1997. In <u>Shelton</u>, the EEOC adopted the test found in the case of <u>Spirides v. Reinhardt</u>, 613 F.2d 826 (D.C. Cir. 1979) for determining whether an individual may be deemed a Federal employee under Title VII of the Civil Rights Act of 1964, as amended. The court made clear in <u>Spirides</u> that the right to control the means and manner of the worker's performance is the most important factor of the test. "If an employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved, an employer/employee relationship is likely to exist." <u>Id.</u> at 831-832. In <u>Shelton</u>, the EEOC reversed the agency's decision to dismiss a contingent worker's claim following an agency determination that the contingent worker was not an employee of the agency. Although the EEOC acknowledged that the contingent worker was not compensated by the agency, the EEOC held that the Federal agency had sufficient control over the means and manner of the contingent worker's performance to establish the contingent worker as an "employee" of the agency within the meaning of the Federal discrimination laws.

3

Under EEOC's guidance, contingent workers may file complaints of discrimination with their employer and/or NASA. Therefore, should a contingent worker seek EEO counseling, NASA must provide such services in accordance with these Instructions. Depending on the particular circumstances of the contingent worker's situation, either the private employer and/or NASA may be liable for discrimination. If NASA is considered to be an employer of a contingent worker and NASA is found to have discriminated, the Agency will be liable for that discrimination whether or not the individual is on the Federal payroll.

BACKGROUND

"Contingent workers" are defined in the EEOC guidance as "workers who are outside an employer's 'core' workforce, such as those whose jobs are structured to last only a limited period of time, are sporadic, or differ in any way from the norm of full-time, long-term employment."

The EEOC guidance focuses primarily on a large subgroup of contingent workers; namely those who are hired and paid by a "staffing firm," such as a temporary employment agency or contract firm, but whose working conditions are partially or totally controlled by the client (e.g., a Federal agency such as NASA) to whom they are assigned. Temporary employment agencies and contract firms are further characterized as follows:

<u>TEMPORARY EMPLOYMENT AGENCIES</u>
Temporary employment agencies typically recruit, screen, hire and oftentimes train their employees and place these employees in temporary jobs at a client's worksite. They set and pay salaries, withhold taxes and social security, and provide workers' compensation coverage. The client is billed by the temporary agency for the services performed by its employees. During the worker's assignment to the client's worksite, the client routinely controls the working conditions, provides supervision, and determines the length of the assignment.

<u>CONTRACT FIRMS</u>
Contract firm arrangements usually involve contracting with a client to provide certain services on a long-term basis and the placement of workers and supervisors in the client's worksite to perform the services. As is the case with temporary employment agencies, contract firms routinely recruit, screen, hire and, in some instances, train their workers. Contract firms also set and pay salaries, withhold taxes and social security and provide workers' compensation coverage. Typical examples of contract firm services include security, landscaping and janitorial services.

## CENTER POSTING REQUIREMENT

EO posters on the complaints process must include the following:

> "Contingent (contract) workers may qualify as 'Federal employees' within the meaning of the anti-discrimination statutes and must contact an agency EEO Counselor within 45 days of the date of alleged discrimination by NASA. Contract workers will qualify as 'Federal employees' only if they meet certain criteria which show that NASA exercises control over the means and manner of their performance."

## COMPLAINT PROCESSING PROCEDURE

The question in deciding whether a contingent worker is covered by the Federal Sector EEO process is whether the contingent worker is an employee of NASA.

NASA EO Officers must carefully analyze whether contingent workers are "employees" of the agency and document their analyses. The EO Counselors must carry out their responsibilities to the contingent workers, if determined to be "employees," just as they do with all other NASA employees subject to the EEOC regulations.

EO Officers are responsible for the overall administration of the informal process, including providing day to day guidance and assistance to EO Counselors in conducting their counseling activities, preparation of the Center determination on the jurisdictional question (i.e., whether the contingent worker qualifies as a Federal employee), and coordination with the Offices of Chief Counsel.

Due to the varied circumstances that may be encountered, EO Officers will need to work closely with the EO Counselors and the Offices of Chief Counsel to devise means of obtaining key information pertaining to a contingent worker's private employer. Once the key information is gathered, EO Officers, in preparing the Center determination on the jurisdictional question, must again work closely with the EO Counselors and the Offices of Chief Counsel.

## INDIVIDUAL COMPLAINTS

### PRE-COMPLAINT COUNSELING STAGE

- Contingent worker seeks pre-complaint counseling.

- EO Counselor conducts the initial interview with a contingent worker and does the following:

  1. Advises the contingent worker about the EO complaint process under 29 C.F.R. Part 1614 and possible election requirements, including the right to file with EEOC against the private sector employer as well as with NASA;

  2. Determines the issue(s) and basis(es) of the potential complaint; and

  3. Informs the contingent worker of the need to conduct a limited inquiry to gather information on jurisdictional question (i.e., whether the contingent worker is an "employee" within the meaning of the Federal Sector EEO process).

- The EO Officer, in consultation with the EO Counselor and Office of Chief Counsel, addresses the jurisdictional question involving a contingent worker by: (a) gathering key information concerning the contingent worker's relationship with NASA; and (b) applying the fifteen points below to the information gathered to determine whether NASA exercises supervisory control over the means and manner of the worker's performance. NASA will qualify as the contingent worker's employer if under the factors, NASA has the right to exercise control over the contingent worker's employment[1]:

  1. NASA controls when, where, and how the worker performs the job;

  2. The work does not require a high level of skill or expertise;

  3. NASA furnishes the tools, materials, and equipment;

  4. The work is performed on the premises of NASA;

  5. There is a continuing relationship between the worker and NASA;

---

[1] The listed factors are drawn from the Supreme Court case of Nationwide Mutual Insurance Company v. Darden, 503 U.S. 318, 323-324 (1992) and cited in the EEOC guidance.

6

6. NASA has the right to assign additional projects to the worker;

7. NASA sets the hours of work and the duration of the job;

8. The worker is paid by the hour, week, or month rather than for the agreed cost of performing a particular job;

9. The worker has no role in hiring and paying assistants;

10. The work performed by the worker is part of the regular business of NASA;

11. The worker is not engaged in his or her own distinct occupation or business;

12. NASA provides the worker with benefits such as insurance, leave, or workers' compensation;

13. The worker is considered an employee of NASA for tax purposes (i.e., NASA withholds Federal, state, and Social Security taxes);

14. NASA can discharge the worker; and

15. The worker and NASA believe that they are creating an employer-employee relationship.

- Once this information is gathered by the EO Counselor, the information is given to the EO Officer, who in collaboration with the EO Counselor and the Office of Chief Counsel, assesses the information to determine whether jurisdiction exists.

- If jurisdiction is supported (i.e., the contingent worker is an "employee" within the meaning of the Federal Sector EEO process), the EO Counselor is required to provide pre-complaint counseling as customary under the EEOC regulations as follows:

1. Conduct fact-finding on the issues presented;

2. Attempt resolution;

3. Document resolution if achieved, or;

4. Issue a Notice of Final Interview and Right to File a Formal Complaint with OEOP if resolution is not achieved; and

5. Prepare an EO Counselor's Report which includes:

    a) a precise description of the issue(s) counseled and the basis(es) stated by the complainant;

    b) pertinent documents gathered during the inquiry;

    c) specific information bearing on timeliness of the counseling contact;

    d) if timeliness appears to be a factor, an explanation for the delay;

    e) the corrective action requested by the counselee and management's response to the requested corrective action;

    f) an indication if the contingent worker has filed the same matter in a different forum or directly with the EEOC;

    g) approximate amount of time spent on counseling activity and date of report; and

    h) a copy of the EO Officer's written analysis on the jurisdictional question, Letter of EO Advisories, Notice of Final Interview and Right to File a Formal Complaint letter, Agreement to Extend Counseling, Designation of Representative form, etc.

- If jurisdiction is not supported in the EO Officer's opinion, the EO Counselor must:

  1. Inform the contingent worker that jurisdiction does not appear to be supported after consideration of the 15 factors discussed above and provide the contingent worker with the EO Officer's <u>written</u> report on the jurisdictional question, which includes an analysis of the factors considered; and

  2. Issue a Notice of Final Interview and Right to File a Formal Complaint with OEOP.

## FORMAL COMPLAINT STAGE

- If the contingent worker files a Formal Complaint with OEOP subsequent to a finding of no jurisdiction by the EO Officer, OEOP will review the EO Officer's report and issue a decision on <u>jurisdiction only</u>.

  1. If OEOP issues a decision which finds that jurisdiction <u>exists</u>, the complaint will be remanded to the Center for EO counseling on the alleged discriminatory matters.

  2. If OEOP issues a decision which finds no jurisdiction, OEOP will dismiss the Formal Complaint for lack of jurisdiction and advise the contingent worker of his/her appeal rights to EEOC.

- If the contingent worker files a formal complaint with OEOP subsequent to a Center finding of jurisdiction and EO counseling, OEOP will issue a decision on jurisdiction (if it has not done so previously) and/or a decision on the acceptance/dismissal of the issues.

  1. If OEOP finds no jurisdiction or otherwise has grounds to dismiss the complaint in whole or in part, the contingent worker will be advised of his/her appeal rights with the EEOC.[2]

---

[2] Effective November 9, 1999, EEOC's new regulatory provisions will require the Agency in partially dismissing a complaint, to document its reasons for dismissal for subsequent EEOC review. If a hearing is requested by the complainant on the accepted portion of the complaint, the EEOC Administrative Judge determines the appropriateness of the dismissal and subsequent action to be taken. If the complainant requests an Agency decision without a hearing, the Agency's dismissal is again addressed in the decision and is reviewable upon appeal to EEOC.

2. If OEOP finds jurisdiction and accepts any issue(s), the issue(s) will be investigated and processed pursuant to to the EEOC regulations.