National Aeronautics and
Space Administration

**Headquarters**
Washington, DC 20546-0001



MAR - 9 2005

Reply to Attn of:  Office of Diversity and Equal Opportunity        <u>RETURN RECEIPT REQUESTED</u>

Vasyl M. Harik
300C Richardson Run
Williamsburg, VA 22188

Re:  Vasyl M. Harik v. Sean O'Keefe, Administrator, NASA
     Agency Docket No. NCN-04-LaRC-A032CW

The Office of Diversity and Equal Opportunity has received your complaint of discrimination filed on June 22, 2004, for consideration pursuant to Title 29, Part 1614 of the Code of Federal Regulations (CFR). Based on a review of your complaint, your EEO Counselor's Report, and your correspondence to this office dated June 21, 2004, your claim of discrimination and retaliation has been delineated as follows:

> Because of your national origin (Russian) and in retaliation for prior claims of discrimination, you were subjected to a hostile work environment which hindered your performance and which culminated in your being fired from your employment with Swales & Associates, a NASA contractor.

Your claim, as delineated above, is dismissed for failure to state a claim pursuant to 29 CFR § 1614.107(a)(1), which requires agencies to dismiss a complaint, "[t]hat fails to state a claim under § 1614.103. . .". According to 29 CFR § 1614.103(c), an agency shall accept complaints of unlawful employment discrimination filed "[w]ithin the covered departments, agencies, and units" by "all employees or applicants for employment. . .". Because we have found that no employment relationship exists between you and NASA, you are not deemed to be an employee or applicant for employment with NASA for purposes of 29 CFR §1614.103. Inasmuch as your claim is beyond the purview of 29 CFR § 1614.103, it is appropriately dismissed under 29 CFR § 1614.107(a)(1).

It is our determination that because of your status as a putative contingent worker,[1] you do not meet the jurisdictional requirements to qualify as a Federal employee for purposes of Federal sector discrimination complaint processing. In certain cases, contingent workers

---

[1] According to the Equal Employment Opportunity Commission (EEOC) Enforcement Guidance No. 915.002: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms, (December 3, 1997), "[t]he term 'contingent workers' generally refers to workers who are outside an employer's 'core' work force, such as those whose jobs are structured to last only a limited period of time, are sporadic, or differ in any way from the norm of full-time, long term employment."

2

may be entitled to Federal sector discrimination complaints processing if it is determined that "employees" of an agency for purposes of Title VII of the Civil Rights Act of 1964, as amended. A test has been adopted by the EEOC[2] and Federal courts[3] to determine if a contingent worker may be entitled to Federal sector discrimination complaints processing. The test is set forth in Spirides v. Reinhardt, 613 F.2d 826 (D.C. Cir. 1979).[4] Additionally, the EEOC has reinforced its position in its Enforcement Guidance No. 915.002, "Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms," dated December 3, 1997 (hereinafter Enforcement Guidance). The Enforcement Guidance has refined and clarified Spirides by developing a two-part test, which agencies are mandated to apply to determine whether contingent workers are entitled to Federal sector discrimination complaints processing.

The Agency has utilized the Enforcement Guidance in our determination of whether contingent workers are entitled to avail themselves of NASA's EEO process,. Our determination required a review and application of several factors to distinguish between your being an employee or an independent contractor. Some of the factors which we utilized were derived from Volume 1, Second Restatement of the Law, Agency 2nd, §220(2) (1958). For a review of those factors as applied to your case, please review the addendum to your EEO Counselor's Report, which addendum was prepared by Vivian B. Merritt, the Langley Research Center (LaRC) Equal Opportunity Officer (see enclosed).

An evaluation of the circumstances related to your employment with Swales & Associates. (hereinafter Swales), reveals that you were an employee and not an independent contractor. It is noted, for example, that you received supervision from Swales management, you were paid on an hourly basis, and you were not engaged in your own distinct business.

Due to our determination that you are an employee and not an independent contractor, the Enforcement Guidance requires that we apply the economic realities test to identify whether NASA could be your putative employer. The economic realities test requires an analysis of NASA's right to control the "means and manner" of your performance.[5] If it is determined that NASA had the right to control the means and manner of your employment, then you would be deemed an employee of NASA for purposes of Title VII enforcement.[6] The EEOC will not necessarily differentiate between the *idicia* of control which the staffing firm could

---

[2] Mallory v. EPA, EEOC Request No. 05950142 (April 11, 1996); Martinez v. Navy, EEOC Request No. 05940237 (December 15, 1994); Jordan v. TVA, EEOC Request No. 05930454 (April 22, 1994).

[3] Nowling v. Resolution Trust Corp., 33 F.3d 498, 505 (5th Cir. 1994); Wilde v. County of Kandiyohi, 15 F.3d 103, 104 (8th Cir. 1994); Oestman v. National Farmers Union Insurance Co., 958 F.2d 303, 305, (10th Cir. 1992); Mares v. Marsh, 777 F.2d 1066 (5th Cir. 1985); EEOC v. Zippo Mfg. Co. 713 F.2d 32, 38 (3rd Cir. 1983).

[4] The Spirides test was adopted by the Supreme Court in Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989); and Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318 (1992).

[5] See, Mares v. Marsh, 777 F.2d 1066, 1067 (5th Cir. 1985).

[6] EEOC Enforcement Guidance Notice No. 915.002: Application of EEO Laws to Contingent Workers Placed by Temporary Employment Agencies and Other Staffing Firms (December 3, 1997), at 13.

have exercised and that which could have been exercised by the NASA, if it appears that control was shared. Rather, the Enforcement Guidance provides that contingent workers may be regarded as "joint employees" of both the contractor and the Federal agency.[7]

In this case, your claim involves a termination of employment (fired). EEOC case law requires an examination of an agency's right of control over the hiring and firing of the contingent worker. Khasat v. Department of State, EEOC Appeal No. 01982998 (February 18, 2000). If an agency reserves the right to impact the firm's selection for the contested position, as well as the day-to-day performance of the employee, the agency may then be found to control the means and manner of the worker's employment, and thus be regarded as a joint employer. Oliver v. Department of State, EEOC Appeal No. 01976531 (August 31, 1998).

In order to ascertain whether NASA would have had sufficient *indicia* of control over your position, the contractual agreement between NASA and Swales was reviewed. Based on our review, we find that NASA did not reserve for itself the right of control over Swales employees. Moreover, there is no other evidence suggesting that NASA was directly involved in the daily function of your position. Moreover, there is no independent corroborative evidence that would support the contention that NASA had no control over who was hired or fired at Swales.

Pursuant to its contract with NASA, Swales controls when, where and how its workers perform their jobs. Swales maintains the responsibility for setting hours and providing all benefits to you as one of its employee. In addition, you were considered to be employed by Swales for tax purposes. In view of all of the factors set forth above, we find that Swales, and not NASA controlled the means and manner of your position.

Considering the above factors, it is determined that NASA did not exert sufficient control over the means and manner of your position to assume the status as your employer, pursuant to the Enforcement Guidance. Accordingly, it is concluded that no employer-employee relationship existed between you and NASA. Consequently, your complaint is properly dismissed for failure to state a claim, under 29 CFR § 1614.107 (a)(1).

The dismissal of your complaint is a final agency decision appealable in writing to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, within 30 calendar days of the date you receive this letter.

RIGHT TO APPEAL TO THE OFFICE OF FEDERAL OPERATIONS

With regard to your right to appeal to EEOC, Section 1614.403 states, in pertinent part:

> (a) The complainant, agency, agent, grievant or individual class claimant (hereinafter appellant) must file an appeal with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, at P.O. Box 19848, Washington, DC 20036, or by personal delivery or facsimile [(202) 663-7022].

---

[7] Id. at 7.

4

The appellant should use [the enclosed] EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed.

(b) The appellant shall furnish a copy of the appeal to the opposing party at the same time it is filed with the Commission. In or attached to the appeal to the Commission, the appellant must certify the date and method by which service was made on the opposing party.

(c) If an appellant does not file an appeal within the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely.

(d) Any statement or brief on behalf of a complainant in support of the appeal must be submitted to the Office of Federal Operations within 30 days of filing the notice of appeal. Any statement of brief on behalf of the agency in support of its appeal must be submitted to the Office of Federal Operations within 20 days of filing the notice of appeal. The Office of Federal Operations will accept statements or briefs in support of an appeal by facsimile transmittal, provided they are no more than 10 pages long.

With respect to the filing of an appeal, Section 1614.402(b) provides:

If the complainant is represented by an attorney of record, then the 30-day time period provided in paragraph (a) of this section within which to appeal shall be calculated from the receipt of the required document by the attorney. In all other instances, the time within which to appeal shall be calculated from the receipt of the required document by the complainant.

## RIGHT TO CIVIL ACTION

With respect to claims of retaliation and discrimination based on age, race, color, religion, sex, handicap, and national origin, you have the right to file a civil action in an appropriate U.S. District Court. If you choose to file a civil action, you may do so:

- within 90 calendar days of receipt of this final decision if no appeal has been filed;

- after 180 calendar days from the filing date of your complaint if an appeal has not been filed and a final decision has not been issued;

- within 90 calendar days of receipt of the Commission's final decision on appeal; or

- after 180 calendar days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

Please be advised that courts in some jurisdictions have interpreted the Civil Rights Act of 1991 in a manner suggesting that a civil action must be filed WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision. To ensure that your civil action is considered timely, you are advised to file it WITHIN THIRTY (30) CALENDAR DAYS from the date that you receive this decision or to consult an attorney concerning the applicable time period in the jurisdiction in which your action would be filed.

You are further notified that if you file a civil action, YOU MUST NAME THE PERSON WHO IS THE OFFICIAL AGENCY HEAD AS THE DEFENDANT. Agency means the national organization, and not the local office or installation in which you might work. DO NOT NAME JUST THE AGENCY: You must also state the official title of the Agency head. Failure to provide the NAME OR OFFICIAL TITLE of the Agency head may result in the loss of any judicial redress you may be entitled to. The head of the National Aeronautics and Space Administration is Sean O'Keefe, Administrator.

Filing a civil action will terminate EEOC's processing of your appeal.

RIGHT TO COURT APPOINTED COUNSEL

If you decide to file a civil action under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford the services of an attorney, you may request that the court appoint an attorney to represent you and that the court permit you to file the action without payment of fees, costs, or other security. The granting or denial of the request is within the sole discretion of the court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN EITHER THIRTY (30) OR NINETY (90) CALENDAR DAYS of the date you receive the Commission's decision.

Should you have any questions regarding the above, the LaRC EO Officer is available to assist you.

Dr. Dorothy Hayden-Watkins
Assistant Administrator
for Diversity and Equal Opportunity

Enclosure

cc:
Langley Research Center/Ms. Merritt