UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Dr. Vasyl Michael Harik,

    Plaintiff,

vs.

Civil Action No.: 05-CV-1390 (RMC)

National Aeronautics and Space
Administration,

    Defendant,

### PLAINTIFF'S RESPONSE
### TO THE DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER

    The Defendant's motion concerns the dismissal and the alternative transfer of a Title VII employment discrimination suit brought by Dr. Vasyl Michael Harik ("Plaintiff") against National Aeronautics and Space Administration ("Defendant" or "NASA") under the Equal Employment Opportunity ("EEO") laws.

    The Plaintiff respectfully opposes the Defendant's motion to dismiss this case. There is ample factual evidence that the Defendant did have control over the means and the manner of the Plaintiff's performance, which included directing the Plaintiff's work as a contingent worker and the details by which the results were achieved.

    There is factual evidence that the Plaintiff had worked solely on NASA-directed tasks since October 2000. The brief task associated with the University Space Research Association grant was sponsored by NASA; it was funded for less than 25% of the working hours in support of the Plaintiff's main NASA task in 2003 and 2004.

    There is factual evidence that the Defendant had exclusive control over the safety of the Plaintiff's work environment, the two investigations of safety accidents reported by the Plaintiff and misrepresentation of the extensive sick leave hours lost soon after.

    There is factual evidence that the Defendant's agent, Dr. T. Gates, was a local distributor of commercial software, ANSYS-Multiphysics, and the software was withheld from the Plaintiff for many months. Furthermore, the Plaintiff's formal employer, Swales Aerospace, claims that there was not much its managers could do about the software delays and the harassment of its worker by a NASA employee. Dr. Gates of NASA was an abusive Technical Monitor for the Plaintiff prior to his employment with the Swales.

    The Plaintiff had suffered a reprisal from its formal employer for his NASA EEO activities, a job loss and a loss of unemployment benefits. NASA may be involved.

    The Plaintiff respectfully moves to oppose the Defendant's motion to transfer this case from the District of Columbia for several reasons. First, the respondent, NASA, has its principal office in the District of Columbia, where the policies for the treatment of contingent workers are generated, formalized and turned into directive and supportive

RECEIVED

NOV - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

documentation for all NASA field centers. This documentation includes, for example, the implementing instructions from the NASA's Office of Equal Opportunity Programs.

There is factual evidence that the Defendant's principal office has the control over the means and the manner of implementing the policies for the treatment of contingent workers at each NASA center. For example, the resolution of so called NASA's "culture problems" described in the Columbia Accident Investigation Board report had been planned, directed, monitored and recently halted by the Defendant's principal office.

There is factual evidence that the Defendant's principal office has refused to investigate the alleged violations of its own instructions for the implementation of Equal Opportunity Programs for the Plaintiff as a contingent worker at the NASA Langley Research Center in Hampton, Virginia. Hence, there is an appearance that NASA's principal EEO Office has supported at least in part the unlawful employment practices described in the Complaint.

There is factual evidence that the Defendant's principal office has refused to investigate the alleged violations of its policies for the safety assurance at the NASA field centers. The Plaintiff had complained about a safety accident and extensive losses of working hours due to sick leaves that were not properly reported.

There is factual evidence that several NASA employees, who are either named in the Complaint or are expert witnesses, are no longer located at the NASA Langley Research Center in Hampton, Virginia. Furthermore, such employee transfers are done according to the NASA's principal office policies.

There is factual evidence that the Defendant's principal office has closely cooperated with the principal office of Swales Aerospace located in Beltsville, Maryland, in misrepresenting factual information and obstructing the legal due process.

There is factual evidence that the Defendant's principal office and its agents have delayed on more than one occasion the transmission of the Complaint-related documents.

The Plaintiff requests the Clerk of the Court, please, make an inquiry concerning the absence of the Plaintiff's copy of the Defendant's motion to dismiss or to transfer this case.

Respectfully submitted,

*V. M. Harik* (signature)

__November 2, 2005__    ___V. M. Harik___
Date                     Dr. Vasyl Michael Harik
                         Plaintiff

*Exhibit A*

## CERTIFICATE OF SERVICE

I certify that the foregoing Defendant's First Motion to Enlarge Time to File Answer or Otherwise Respond to Complaint was served upon *pro se* plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

VASYL MICHAEL HARIK
P.O. Box 5606
Newark, DE 19714-5606

on this 14th day of October, 2005.

ALAN BURCH
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

This is a *wrong Certificate of Service* attached to the electronically served and electronically transmitted to the Plaintiff response of the Defendant to the Complaint and the motion to dismiss or to transfer.

Conclusion: The Plaintiff was not served until Nov. 1 in *timely fashion* and *only after* Plaintiff's inquiry & request.