UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VASYL MICHAEL HARIK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1390 (RMC) |
| ) | |
| **NATIONAL AERONAUTICS AND** ) | |
| **SPACE ADMINISTRATION,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Dr. Vasyl Michael Harik worked at the National Aeronautics and Space Administration ("NASA") Langley Research Center ("NASA Langley") until his termination in April 2004. Dr. Harik was directly employed by Swales Aerospace ("Swales"), a contractor to NASA Langley. Dr. Harik sues NASA for alleged discrimination resulting in his discharge. He separately sues Swales in federal district court in Maryland. *Harik v. Wilson*, No. 05-1182 (D. Md. May 2, 2005). Dr. Harik contends that NASA sufficiently controlled and directed his work that it was his joint employer with Swales. NASA Langley is located approximately 200 miles southeast of Washington, D.C., in Hampton, Virginia. Dr. Harik worked at NASA Langley since 2000 for two different contractors to NASA. He was hired by Swales on or about June 18, 2002, and was discharged on April 5, 2004. At all relevant times, he worked in Hampton, Virginia.

NASA moves to dismiss on the basis that it was not Dr. Harik's employer, and therefore it has no liability to him. In the alternative, NASA asserts that venue in this Court is improper and that this case must be transferred to the Eastern District of Virginia.

Whether NASA and Swales were joint employers of Dr. Harik is an intense factual inquiry, difficult to determine on a motion to dismiss when Dr. Harik disputes the facts. The Court also hesitates to decide this question on the existing record because Dr. Harik is proceeding *pro se* and may not be held to the same standard as practicing attorneys. *See United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004) (court must construe *pro se* pleadings liberally); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers . . ."). However, NASA correctly notes that venue is improper in the District of Columbia. Therefore, this case will be transferred to the Eastern District of Virginia.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, has a special venue provision which specifies four appropriate venues:

> Such an action may be brought in any judicial district in the State [1] in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such action are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Congress intended to limit venue in Title VII cases to jurisdictions concerned with the alleged discrimination. *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). Courts must make a "commonsense appraisal" of the alleged events that have operative significance. *Id*. Venue does not lie in a district when all, or a substantial part of, the employment practices took place outside the district. *Id*. When venue is improper, a court must dismiss, or in the interest of justice, transfer the case to the proper district court. 28 U.S.C. § 1406(a).

Here, Dr. Harik alleges that the unlawful employment practice – his discharge – occurred in Hampton, Virginia. Swales, Dr. Harik's direct employer, would be expected to have the relevant employment records either in Hampton, Virginia, where Dr. Harik worked, or at its headquarters in Beltsville, Maryland. If NASA has any "employment records" for Dr. Harik, they would be in Hampton, Virginia. Certainly, Hampton, Virginia, is the place where Dr. Harik would have worked had he not been discharged. These three factors lead to the conclusion that the appropriate venue is the federal district court in Virginia that encompasses Hampton, *i.e.*, the Eastern District of Virginia.

The location of NASA's headquarters office, on which Dr. Harik relies to bring suit in the District of Columbia, is relevant only "if [NASA] is not found within any" district where the discrimination occurred, the records are kept, or the plaintiff would have worked. NASA can be found at NASA Langley in Hampton, in the same judicial district where the alleged discrimination occurred, the records were kept, and the plaintiff would have worked. Thus, this provision does not apply.

This case is **TRANSFERRED** to the Eastern District of Virginia.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: March 16, 2006